United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID YATES, et al.,

        Plaintiffs,

  v.

AURORA LOAN SERVICES, LLC,

        Defendant.
                                /

No. C-11-00695 EDL

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On February 15, 2011, pro se Plaintiffs David Yates and Maria Nelia Yates filed this action against Defendant Aurora Loan Services alleging claims for rescission and restitution under California Civil Code section 1689(b), negligent misrepresentation, unjust enrichment, breach of the duty of good faith and fair dealing and violation of California Business and Professions Code section 17200. On April 11, 2011, Defendant filed a motion to dismiss Plaintiffs' complaint based on Federal Rule of Civil Procedure 12(b)(6). Plaintiffs did not file an opposition to Defendant's motion, but Plaintiff David Yates appeared at the May 24, 2011 hearing with a copy of Plaintiffs' opposition to the motion. The Court accepted Plaintiffs' opposition and gave Defendant an opportunity to respond no later than May 31, 2011. The Court proceeded to hear argument on the motion to dismiss at the May 24, 2011 hearing. Defendant filed a reply on May 31, 2011. For the reasons stated at the hearing and in this Order, Defendant's motion to dismiss is granted.

**Legal Standard**

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in

1 the light most favorable to the plaintiff." <u>Lazy Y Ranch LTD v. Behrens</u>, 546 F.3d 580, 588 (9th Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." <u>Iqbal</u>, 129 S. Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> at 1950. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u>

Courts must then determine whether the factual allegations in the complaint "plausibly give rise to an entitlement of relief." <u>Id.</u> Though the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." <u>Id.</u> at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.

**Background**

Plaintiffs allege that they purchased their home in Union City, California in December 2004. Compl. ¶ 29. On January 4, 2006, they allege that they refinanced their home with MILA, Inc. Compl. ¶ 29. Plaintiffs allege that the original principal amount of the note was $402,630.00. Compl. ¶ 30. Plaintiffs allege that on July 18, 2006, Defendant Aurora Loan Services became the servicer for Plaintiffs' note. Compl. ¶ 30.

In early 2008, Plaintiffs allege that they were suffering financial hardship as a result of a car accident. Compl. ¶ 31. Plaintiffs allege that beginning in April 2008, they contacted Defendant to seek review of their loan for possible local modification. Compl. ¶ 33.

On September 25, 2008, a Notice of Default was recorded against the property by Cal-Western Reconveyance Corporation. Def.'s Request for Judicial Notice (RJN) Ex. 2.[1] The

---

[1] Defendants' Request for Judicial Notice is granted. On a motion to dismiss, a court normally may not look to matters beyond the complaint without converting the motion into one for summary judgment. <u>See</u> <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by <u>Astoria Fed. Sav. & Loan Ass'n v. Solimino,</u> 501 U.S. 104 (1991). There are two exceptions to this rule: (1) a court may take judicial notice of material which is either submitted as part of the

2

beneficial interest in the property was assigned to Defendant on September 30, 2008. RJN Ex. 3. A notice of trustee's sale was thereafter recorded on the property on July 2, 2010. RJN Ex. 4.

Meanwhile, according to Plaintiffs, Defendant offered a Special Forbearance Agreement on April 3, 2009. Compl. ¶ 33, Attachment A. The April 3, 2009 Forbearance Agreement states that the total amount due in arrearage was $21,104.14. Compl. Attachment A. The Agreement provided for an initial installment payment of $1,627.22 to be paid on or before April 20, 2009. Id. Consecutive monthly payments each in the amount of $2,067.10 were due on or before the second day of the month beginning on May 20, 2009 and continuing through and including July 20, 2009, with the last installment in the amount of $20,590.50. Id. Plaintiffs entered into another Special Forbearance Agreement dated October 15, 2009. Compl. Attachment A. Under that October 2009 Agreement, Plaintiffs were to make a stipulated payment of $1,409.00 on or before November 15, 2009, and thereafter make five consecutive payments of $1,409.00 on or before the 15th of the month beginning on December 15, 2009 through April 15, 2010. Id. Plaintiffs allege that they made all required payments, and provided all the written documents required under the Agreement. Compl. ¶ 40.

Plaintiffs allege that when the original term of the Special Forbearance Agreement ended on July 20, 2009, Defendant asked Plaintiffs to continue making the payments set out in the Agreement while Defendant continued its review for possible loan modification. Compl. ¶ 41. Plaintiffs allege that they made additional payments of $1,409.00 on November 15, 2009, December 15, 2009, January 15, 2010, February 15, 2010, March 15, 2010 and April 15, 2010. Compl. ¶ 42. Plaintiffs allege that Defendant sent a letter requesting additional information on August 9, 2010, and that they sent additional documents. Compl. ¶ 43.

---

complaint or necessarily relied upon by the complaint; and (2) a court may take judicial notice of matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Under Federal Rule of Civil Procedure 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Civ. P. 201(d); Mullis v. United States Bank, 828 F.2d 1385, 1388 n. 9 (9th Cir. 1987). Here, the documents contained in the Request for Judicial Notice are judicially noticeable under Federal Rule of Evidence 201.

3

On September 17, 2010, Plaintiffs allege that they were served with a Summons including a Notice to Vacate, indicating that their home had been sold in foreclosure on August 23, 2010. Compl. ¶ 44; RJN 5. Plaintiffs allege that they did not receive any notice that the foreclosure process would not be postponed. Compl. ¶ 45. Plaintiffs allege that they were not notified that they had been denied another modification or workout agreement, and were not given the opportunity to cure through reinstatement or payoff. Compl. ¶ 46. Plaintiffs allege that they were not informed of the amount required to payoff the loan. Compl. ¶ 47. Plaintiffs allege that had they known that Defendant would not inform them that they were denied a modification, they would not have entered into the Workout Agreement, instead they would have let the foreclosure run its course rather than continue to pay Defendant. Compl. ¶ 49.

**Discussion**

**1.    Failure to tender**

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971); see also Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."). California district courts apply the tender rule in examining wrongful foreclosure claims. Anaya v. Advisors Lending Group, 2009 WL 2424037, at *10 (E.D. Cal. Aug. 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); Montoya v. Countrywide Bank, 2009 WL 1813973, at * 11-12 (N.D. Cal. June 25, 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt"); Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996) ("However, appellants are required to allege

4

tender of the amount of United's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure, and they have failed to do so.") (internal citation omitted).  The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 WL 740375, at *2 (N.D. Cal. Sept. 15, 1999); see also Benham v. Aurora Loan Servs., C-09-2059 SC (N.D. Cal. Oct. 1, 2009) (granting a motion to dismiss a wrongful foreclosure claim because the plaintiff failed to allege a credible tender offer).

"The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." Gaffney v. Downey Savings & Loan Assn., 200 Cal.App.3d 1154, 1165 (1988) ("An offer of partial payment is of no effect.") (internal quotation marks omitted).  The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Gaffney, 200 Cal.App.3d at 1165; see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 478 (1974) (stating that a trustor cannot "quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid.  He is entitled to remain in possession, but cannot clear his title without satisfying his debt."); Karlson, 15 Cal.App.3d at 117 ("'. . . It is apparent from the general tenor of the decisions that an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action which a court of equity would recognize.'") (quoting Leonard v. Bank of America, 16 Cal.App.2d 341, 344 (1936)).

Here, Plaintiffs have not alleged that they have tendered or are able tender the amount of the secured debt.  Therefore, they lack standing for claims challenging the foreclosure sale, or any claim implicitly integrated to the sale. Montoya, 2009 WL 1813973, at * 11-12.  Defendant argues that Plaintiffs lack standing as to all of the claims in this case.  However, the only claims in this case that challenge the foreclosure sale or are implicitly integrated to the sale are Plaintiffs' rescission and restitution claims.  Plaintiffs' remaining claims relate to Defendant's alleged breach of the

5

1 forbearance agreements. At the hearing, Plaintiff conceded that he could not make a good faith
2 allegation of the ability to tender. Therefore, Plaintiffs' rescission and restitution claims are
3 dismissed without leave to amend.

### 2. Breach of Forbearance Agreement

Defendant argues that there was no forbearance agreement in place at the time of the foreclosure, and therefore, there was no breach of such an agreement. Plaintiffs' complaint, however, does not contain a claim for breach of contract. Even assuming that Plaintiffs' complaint could be construed to contain a breach of contract claim, they have failed to adequately state that claim. The forbearance agreement only was in effect through April 15, 2010. See Compl. Att. A at ¶ a.1. The agreement stated that Defendant would forbear from exercising its rights under the loan during the term of the Agreement. Id. ¶ 3. Further, the agreement states that nothing contained in the Agreement would constitute a waiver of Defendant's right or remedies, including the right to commence foreclosure proceedings. See Compl. Attachment A at ¶ 7. The agreement also states that the amount of the workout plan is insufficient to pay the arrearage and that upon the expiration date of the agreement, Plaintiffs must cure the arrearage through a full reinstatement, payment in full or other loan modification. Id. ¶ b. Plaintiffs do not allege that Defendant foreclosed during the period of the Agreement, therefore, they have not alleged a breach of the forbearance agreement.

### 3. Statute of frauds

Defendant argues that Plaintiffs' claims are barred by the statute of frauds. "A modification of a contract is a change in the obligations of a party by a subsequent mutual agreement of the parties." Secrest v. Security Nat. Mortg. Loan Trust 2002–2, 167 Cal.App.4th 544, 553 (2008). "A contract coming within the statute of frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent." Secrest, 167 Cal.App.4th at 552 (citing Cal. Civ. Code § 1624)). An "agreement by which a lender agreed to forbear from exercising the right of foreclosure under a deed of trust securing an interest in real property comes within the statute of frauds." Secrest, 167 Cal.App.4th at 547. "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." Secrest, 167 Cal.App.4th at 553.

6

1      However, Plaintiffs do not appear to be making any claims pursuant to any contract other than the workout agreements and the deed of trust, which Defendant concedes are not barred by the statute of frauds. Thus, Defendant's statute of frauds argument is moot. To the extent, however, that Plaintiffs are alleging any claims based on alleged oral agreements, those would be barred by the statute of frauds, unless the agreements could be performed within one year, and there are no allegations to that effect.

**4.     Presumption of a valid sale**

Defendant argues that all of Plaintiffs' claims must be dismissed because the recording of the trustee's deed upon sale creates a conclusive presumption of a valid sale, and Plaintiffs have not shown fraud or unlawful conduct in the procurement of the foreclosure decree or the sale itself. See Bank of America Nat. Trust & Sav. Ass'n v. Reidy, 15 Cal.2d 243, 248 (1940) ("It is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties."). However, prejudicial procedural irregularities can rebut the presumption of a valid sale. See 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc., 85 Cal.App.4th 1279, 1284 (2001) ("Accordingly, '[a] successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice to the person attacking the sale.' Whether there is sufficient evidence to overcome this presumption is generally a question of fact.") (internal citations omitted). The party challenging the sale has the burden of proving such irregularities to overcome the presumption of regularity. See Hatch v. Collins, 225 Cal.App.3d 1104, 1113 (1990).

Further:

> A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

Cal. Civil Code § 2924(c). The trustee's deed upon sale states that the trustee complied with all

7

statutory requirements. RJN Ex. 5. Thus, the sale was presumptively valid. Plaintiffs have not made any allegations of procedural irregularities to overcome the presumption of regularity. Accordingly, Defendant's motion to dismiss is granted as to claims that go to the validity of the sale.

**5.      Plaintiffs have failed to state a claim for the five claims in the complaint**

     **A.      Claim one - Rescission and restitution**

Plaintiffs' first claim fails because Plaintiffs have failed to allege tender. It also fails to state a claim upon which relief can be granted. Plaintiffs base their first claim for rescission and restitution on Civil Code section 1689(b)(1), which states:

> (b) A party to a contract may rescind the contract in the following cases:
> (1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.

Specifically, Plaintiffs allege that their consent to the workout agreement was obtained through mistake of fact or fraud in the inducement. Compl. ¶ 57. Plaintiffs allege that the only consideration received by Plaintiffs was the waiver of Defendant's legal rights for the duration of the workout agreement and since Defendant subsequently acted on those rights, Plaintiffs retained no consideration that can be tendered back to Defendant. Compl. ¶ 57. Plaintiffs allege that there was a mistake of fact, specifically, that Plaintiffs did not know at the time of entering into the workout agreement that the forbearance and opportunity to cure that Defendant offered was not appropriate for their needs and was not worth the amounts paid as Defendant had no intention of providing an opportunity to cure at the end of the workout agreement. Compl. ¶ 58. Plaintiffs allege that Defendant knew or should have known that the workout agreements were not appropriate for Plaintiffs, but instead took advantage of Plaintiffs. Compl. ¶ 59. In addition, Plaintiffs allege that Defendant represented that at the end of the workout agreement, Plaintiffs would have an opportunity to cure their loan default. Compl. ¶ 63; id. Attachment A at ¶ b. Plaintiffs allege that at the time of the workout agreement, Defendant had no intention of providing an opportunity to cure prior to foreclosure. Compl. ¶ 64. Plaintiffs allege that Defendant made representations to Plaintiffs for the purpose of persuading Plaintiffs to enter into the workout agreements, and that Plaintiffs

8

would not have entered into the agreements had they known that the representations were not true. Compl. ¶¶ 65, 67.

Plaintiffs have not pled fraud or mistake with the required particularity. Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); Vess v. Ciba-Geigy, Inc., 317 F.3d 1097, 1106 (9th Cir. 1997) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'" Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged.") (internal citations omitted). When charging fraud against a business entity, the pleading requirements are even more strict:

> The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.

Tarmann v. State Farm Mutual Auto Ins. Co., 2 Cal.App.4th 153, 157 (1991).

Plaintiffs have failed to allege any specific statements made by Defendant, let alone the "who, what, when, where and how" of any statements to properly allege mistake of fact or fraud. Plaintiffs' opposition fails to state any detailed allegations regarding fraud, instead stating: "Plaintiffs have pled Mistake and/or Fraud Specifically." See Opp. at 2. Thus, Plaintiffs have failed to meet their burden of pleading this claim with particularity. Therefore, Defendant's motion to dismiss this claim is granted without leave to amend. The court need not reach the other bases for dismissal of this claim.

**B.   Claim two - Rescission and restitution**

Plaintiffs' second claim fails because Plaintiffs have failed to allege tender. It also fails to state a claim upon which relief can be granted. Plaintiffs base their second claim for rescission and restitution on Civil Code section 1689(b)(2)-(4), which states:

> (b) A party to a contract may rescind the contract in the following cases:
> \*\*\*
> (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds.

9

> (3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause.
> (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause.

Specifically, Plaintiffs allege that as consideration for the workout agreements, Plaintiffs made thousands of dollars in payments. Compl. ¶ 71. In consideration of those payments, Plaintiffs allege that Defendant waived certain legal rights and promised to provide Plaintiffs with an opportunity to cure the default of their loans upon expiration of the workout agreements. Compl. ¶ 72. Plaintiffs allege that Defendant's consideration failed because Defendant acted on the rights it had waived and had no intention to and did not provide Plaintiffs the opportunity to cure as it had promised. Compl. ¶ 73. Plaintiffs also allege that Defendant's consideration became void because Defendant elected to foreclose and the provision of the opportunity to cure was completely within Defendant's control. Compl. ¶ 74. Plaintiffs allege that Defendant's consideration failed because Defendant foreclosed without providing Plaintiffs an opportunity to cure. Compl. ¶ 75. Plaintiffs allege that they would not have entered into the workout agreement had they known that Defendant's consideration would fail. Compl. ¶ 76. Plaintiffs argue that because they have lost their home, they did not derive any benefits from the workout agreements and have nothing of value provided by Defendant. Compl. ¶ 77.

Defendant argues that this claim fails because Plaintiffs received the consideration for which they bargained, that is, postponement of foreclosure proceedings during the life of the workout agreements. The agreements did not guarantee Plaintiffs a cure for their default, instead the agreements state that they do not cover the arrearage, and that "upon the expiration date, Customer must cure the Arrearage through a full reinstatement, payment in full, loan modification agreement or other loan workout option that Lender may offer." Compl. Attachment A at ¶ b. This claim fails because the allegations in the complaint and judicially noticed documents show that foreclosure did not occur until after the workout agreements expired.

### C. Negligent misrepresentation

Plaintiffs allege that Defendant had a legal duty to disclose to Plaintiffs all facts that would have materially affected the desirability of entering into the workout agreements. Compl. ¶ 81.

10

Plaintiffs allege that Defendant did not disclose the material fact that Plaintiffs' home would be foreclosed without providing Plaintiffs a chance to cure. Compl. ¶ 81. Plaintiffs allege that Defendant represented to Plaintiffs that there would be an opportunity to cure at the expiration of the workout agreement, and knew that Plaintiffs would rely on that representation. Compl. ¶ 83. Plaintiffs allege that they relied on those representations. Compl. ¶ 84. They allege that had they known about the non-disclosed material facts, they would not have entered into the workout agreements. Compl. ¶ 85.

The elements of a cause of action for fraud are: (1) a misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages. Small v. Fritz Companies, Inc., 30 Cal.4th 167, 173 (2003). The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. Id. Each element in a cause of action for fraud or negligent misrepresentation must be factually and specifically alleged. Id. at 184. The policy of liberal construction of pleadings is not generally invoked to sustain a misrepresentation pleading defective in any material respect. Id. Thus, the mere assertion of "reliance" is insufficient; the plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance. Id.

Federal Rule of Civil Procedure 9 requires that claims alleging fraud must be pled with particularity. Here, Plaintiffs have not alleged negligent misrepresentation with the required specificity. They do not allege who made misrepresentations to them, when those misrepresentations were made, or what was said. Plaintiffs did not make any further showing of particularity in their opposition or at the hearing. Thus, the negligent misrepresentation claim fails, and Defendant's motion to dismiss is granted without leave to amend.

### D.    Unjust enrichment

Plaintiffs allege that as a result of the workout agreement "scheme," Defendant "extracted" thousands of dollars from Plaintiffs that Defendant would not have been entitled to collect had they not engaged in the "scheme." Compl. ¶ 89. Plaintiffs allege that Defendant is aware of the receipt of those benefits and received the benefits to the detriment of Plaintiffs. Compl. ¶¶ 90, 91.

There is no claim for unjust enrichment in California, rather it is an equitable remedy. See Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779, 793 (2003) ("In addition, as the trial court observed, there is no cause of action in California for unjust enrichment."); see also Jogani v. Superior Court, 165 Cal.App.4th 901, 911 (2008) ("As Jogani concedes, however, unjust enrichment is not a cause of action. Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract.") (citing Melchior); Hafiz v. Greenpoint Mortgage Funding, 652 F. Supp. 2d 1039 (N.D. Cal. 2009) ("Unjust enrichment, also known as restitution, is not a theory of recovery but is instead a result thereof."). Therefore, Defendant's motion to dismiss is granted without leave to amend as to this claim.

### E. Breach of the covenant of good faith and fair dealing

Plaintiffs allege that the workout agreements imposed a duty of good faith on Defendant. Compl. ¶ 98. Plaintiffs allege that Defendant breached the covenant of good faith and fair dealing when it foreclosed on Plaintiffs' home without providing Plaintiffs the ability or opportunity to cure. Compl. ¶ 97. Plaintiffs allege that Defendant's conduct deprived Plaintiffs of the benefits of the workout agreement, to which they were legally entitled by failing to give notice that the loan modification had been rejected and that the foreclosure process had begun. Compl. ¶ 101. Plaintiffs allege that the parties mutually intended and understood the workout agreement to require Defendant to provide work out options or the ability to exercise other cure methods. Compl. ¶ 102.

The covenant of good faith is an implied term arising out of a contract itself. Kim v. Regents of Univ. of Cal., 80 Cal.App.4th 160, 164 (2000). "The existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant." Id. "It is universally recognized the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." Carma Developers (California), Inc. v. Marathon Development California, Inc., 2 Cal.4th 342, 373 (1992) (stating that an implied covenant of good faith and fair dealing cannot contradict the express terms of a contract).

Further, in Foley v. Interactive Data Corp., 47 Cal.3d 654, 693 (1988), the California Supreme Court reigned in the extension of the tort remedies for violation of the implied covenant of good faith and fair dealing. See Price, 213 Cal.App.3d at 478 ("But the implications of the court's

analysis [in Foley] presage a close scrutiny of tort recovery for breach of the implied covenant of good faith and fair dealing outside of the insurance context. The decision surely precludes the sort of loose extension of tort recovery, based on 'quasi-fiduciary' relationship, sanctioned in <u>Commercial Cotton v. United California Bank</u>, <u>supra</u>, 163 Cal.App.3d 511."). In a case interpreting <u>Foley</u>, the state court of appeals stated:

> While <u>Foley</u> may leave this question open, albeit narrowly, it is clear from the court's failure to find sufficiently insurance-like characteristics to justify permitting tort actions against employers who discharge employees in bad faith, that it would not permit such an action in an ordinary commercial context where a lender refuses to honor an oral commitment to extend or "roll over" short-term loans. <u>Foley</u>, impliedly if not expressly, limits the ability to recover tort damages in breach of contract situations to those where the respective positions of the contracting parties have the fiduciary characteristics of that relationship between the insurer and insured.

<u>Mitsui Manufacturers Bank v. Superior Court</u>, 212 Cal.App.3d 726, 730 (1989).

Thus, here, where the relationship between Plaintiffs and Defendants is that of lender and borrower, California law would not provide a claim for breach of the covenant of good faith and fair dealing. Accordingly, Defendants' motion to dismiss this claim is granted without leave to amend.

### F.     California Business and Professions Code Section 17200

Plaintiffs allege that Defendant's conduct constitutes unfair or deceptive acts or practices. Compl. ¶ 106. Specifically, Plaintiffs point to Defendant's practice of leading borrowers to believe that they will have the opportunity to cure the default of their loans upon expiration of the workout agreements and its practice of temporarily delaying foreclosures only to obtain additional payments from borrowers to which Defendant would not be entitled under the foreclosure laws. Compl. ¶ 106.

California Business and Professions Code section 17200, et seq., prohibits "any unlawful, unfair or fraudulent business act or practice." "This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." <u>Lomboy v. SCME Mortgage Brokers</u>, 2009 WL 1457738, at *6 (N.D. Cal. May 26, 2009) (internal citation omitted). Further, when charging fraud against a business entity, the pleading requirements are more strict:

> The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.

13

Tarmann v. State Farm Mutual Auto Ins. Co., 2 Cal.App.4th 153, 157 (1991).

Here, Plaintiffs have failed to adequately plead Defendant's conduct with particularity to support the section 17200 claim. Plaintiffs failed to set forth any further factual basis for their claim under section 17200 in their opposition. Accordingly, Defendant's motion to dismiss this claim is granted without leave to amend.

**Conclusion**

Defendant's motion to dismiss is granted without leave to amend.

**IT IS SO ORDERED.**

Dated: June 13, 2011



ELIZABETH D. LAPORTE
United States Magistrate Judge

14